IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN MATHINE, individually and on behalf of a class of all persons and entities similarly situated,<br><br>　　　　Plaintiff<br><br>vs.<br><br>MEDGUARD ALERT, INC.<br><br>　　　　Defendant. | Case No. 24-1940 |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.　As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2.　Plaintiff John Mathine ("Plaintiff") brings this action under the TCPA alleging that MedGuard Alert, Inc. called the Plaintiff with calls using pre-recorded voices. Those calls were made without the call recipient's prior express written consent.

3. Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5. Plaintiff John Mathine is a person.

6. Defendant MedGuard Alert, Inc. is a company that sells medical alert systems and is headquartered and has its principal place of business in this District.

## Jurisdiction & Venue

7. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

8. This Court has general personal jurisdiction over Defendant MedGuard Alert, Inc., because it is headquartered and has its principal place of business in this District.

9. Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this State and District.

## The Telephone Consumer Protection Act

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

12. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

**Factual Allegations**

15. Defendant MedGuard Alert, Inc. is a seller of various home security and life alert medical alert devices and products.

16. To generate business, MedGuard places illegal telemarketing calls that are also pre-recorded.

17. Plaintiff's telephone number, (217) XXX-XXX, is a non-commercial telephone number.

18. The telephone number is assigned to a cellular telephone service.

19. Plaintiff's telephone number is used for personal residential purposes.

20. Plaintiff has never been a customer of any Defendant nor asked or inquired to be a customer of any of the Defendant.

21. Despite that, the Plaintiff received a telemarketing call from MedGuard.

22. The call came in on October 25, 2024 from the caller ID 217-651-8583.

23. The call started out by playing a prerecorded message with a pre-recorded voice.

24. The call started with a pre-recorded voice, possibly using an Artificial Intelligence (AI) robot or Mechanical Turk, and began by asking the Plaintiff if he was a home owner and if he was interested in home security products.

25. During the call on October 25, 2024, the robot then transferred the call to an individual, "Jose Garcia," who was very clearly human, unlike the previous AI/Mechanical Turk.

26. Unlike the previous AI/Mechanical Turk, "Jose" was able to conversate with the Plaintiff, and provided the Plaintiff with the Defendant's website, medguardalert.com, and callback number 803-672-1511.

27. The website medguardalert.com is the Defendant's website.

28. The telephone number 803-672-1511 is the Defendant's telephone number.

29. In fact, when the Plaintiff called the number back shortly after the call, an individual answered who confirmed that they were with Defendant MedGuard Alert.

30. The aforementioned call to the Plaintiff was unwanted.

31. The call was a nonconsensual encounter.

32. Plaintiff's privacy has been violated by the above-described telemarketing call.

33. Plaintiff never provided his consent or requested the call.

34. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded.

35. Moreover, the call injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

## Class Action Statement

36. Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

37. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) and/or (b)(3).

38. Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

**Robocall Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone or any other protected telephone service (3) from or on behalf Defendant, (4) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

39. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

40. Excluded from the Class are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

41. Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

42. This Class Action Complaint seeks injunctive relief and money damages.

43. The Class as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

44. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

45. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

46. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

47. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

48. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

  a. Whether Defendant made calls using artificial or prerecorded voices to Plaintiff and members of the Robocall Class;

  b. Whether Defendant's conduct constitutes a violation of the TCPA; and

  c. Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

  49. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

  50. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

  51. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

  52. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

  53. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

**Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(b)) on behalf of the Robocall Class**

  54. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

55.     The Defendant violated the TCPA by sending or causing to be sent calls to the cellular telephones and other protected telephones of Plaintiff and members of the Robocall Class using a pre-recorded messages without their prior express written consent.

56.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

57.     The Plaintiff and Robocall Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

58.     Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendant from using a pre-recorded voice in the future, except for emergency purposes.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.      Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to any residential number on the National Do Not Call Registry in the future;

B.      Injunctive relief prohibiting Defendant from using artificial or pre-recorded voices to contact cell phones and other protected lines, except for emergency purposes, in the future;

C.      That the Court enter a judgment awarding Plaintiff and all Class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

  D. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

  E. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

            Plaintiff,
            By Counsel,

Dated: December 6, 2024

            */s/ Andrew Roman Perrong*
            Andrew Roman Perrong, Esq.
            D. Ct. Bar # CT31815
            Perrong Law LLC
            2657 Mount Carmel Avenue
            Glenside, Pennsylvania 19038
            Phone: 215-225-5529 (CALL-LAW)
            Facsimile: 888-329-0305
            a@perronglaw.com

            *Attorney for Plaintiff and Proposed Class*