**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| JOHN MATHINE, individually and on behalf of a class of all persons and entities similarly situated, | x : : : Case No. 3:24-cv-1940 (VAB) : |
| Plaintiff, | : Hon. Victor A. Bolden : |
| v. | : : |
| MEDGUARD ALERT, INC. | : : |
| Defendants. | : JANUARY 7, 2025 : : : : x |

**MEMORANDUM OF LAW**
**IN SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## <u>INTRODUCTION</u>

Plaintiff seeks statutory and treble damages for himself and a nationwide class based on a single phone call he allegedly received from MedGuard Alert, Inc. (hereinafter "Defendant") more than a month before filing suit.  Plaintiff brings a single cause of action, alleging that the call violated 47 USC § 227(b) of the Telephone Consumer Protection Act ("TCPA") because the call was purportedly a "robocall" that used a "pre-recorded" voice or artificial intelligence.

As set forth in detail below, Plaintiff's claim must be dismissed because the Complaint contains no supporting facts that would enable the Court to plausibly infer that the call was pre-recorded.  Rather, the Complaint baldly asserts that the voice on the call was a "robot," which then transferred Plaintiff to another person who was "very clearly human."  Courts in this circuit and throughout the country have dismissed similar conclusory robocall claims that fail to allege anything about the tone, nature, or content of the calls to plausibly indicate that the call was pre-recorded.  Here, notwithstanding Plaintiff's labels and conclusions, the Complaint's allegations make it equally plausible that Plaintiff received a call from a real person who asked him questions regarding home security products, and upon receiving a response, transferred Plaintiff to another human sales associate.

Plaintiff also lacks standing to pursue the injunctive relief he requests because he has not alleged any imminent future harm.  Plaintiff's Complaint alleges that he received a single phone call from Defendant.  Moreover, it appears from the Complaint that Defendant did not call him again in the five weeks between the initial call and filing the Complaint.  Under those circumstances, Plaintiff cannot demonstrate a substantial risk that he will ever receive another alleged robocall from Defendant.  He is therefore not entitled to seek an injunction.  Nor can Plaintiff seek to enjoin Defendant from calling individuals on the National Do-Not-Call registry in violation of the TCPA.  The Complaint does not allege that Plaintiff's phone number is on the

registry or that Defendant has ever called anyone on the registry. Because there is no allegation that Plaintiff was harmed by the conduct he seeks to enjoin or that Defendant ever engaged in such conduct, Plaintiff lacks standing to pursue this injunctive relief as well.

## LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(6) – Failure to State a Claim for Relief

Rule 12(b)(6) provides for dismissal where a plaintiff fails to state a claim upon which relief can be granted. A legal claim requires pleading sufficient facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007). "Bare assertion[s]" or "conclusory allegations" will not suffice. *Id*. Nor will a "formulaic recitation of the elements." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). *See also id*. at 678 (pleadings must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). *See also Lee v. Yale Univ.,* 624 F. Supp. 3d 120, 143 (D. Conn. Aug. 30, 2022) ("In considering a motion to dismiss, the Court is 'not required to credit conclusory allegations or legal conclusions couched as factual allegations.'" (quoting *Dane v. UnitedHealthcare Ins. Co*., 974 F.3d 183, 188 (2d Cir. 2020); *Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctr. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc*., 712 F.3d 705, 724 (2nd Cir. 2013) (affirming dismissal where plaintiff did "not support its [] claim with factual allegations sufficient to elevate it from the realm of mere 'legal conclusions'") (citing *Iqbal*, 556 U.S. at 679).

Instead, Plaintiff must allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" supporting his allegations. *Twombly*, 550 U.S. at 556. See also *C-Tech of New Haven, Inc. v. Univ. of Conn. Health Ctr*., 2016 U.S. Dist. LEXIS 84098, *5 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (quoting *Iqbal*, 556 U.S. at 678).

**B. Fed. R. Civ. P. 12(b)(1) – Lack of Subject Matter Jurisdiction / Standing**

The absence of Article III standing warrants dismissal under Rule 12(b)(1), as the Court lacks proper subject matter jurisdiction over such claims. *See, e.g., Sadler v. Mineta,* 2006 U.S. Dist. LEXIS 69122, *17 (D. Conn. Sep. 26, 2006). The United States Supreme Court has repeatedly made clear that "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester, N.Y. v. Laroe Ests., Inc*., 581 U.S. 433, 439, 137 S. Ct. 1645, 198 L. Ed. 2d 64 (2017) (cleaned up). The fact that a statute—here, the TCPA—provides for injunctive relief does not automatically convey standing to seek such relief. *See Spokeo, Inc. v. Robins*, 578 U.S. 330, 341(2016) (standing requirements are not automatically met "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."). Rather, a plaintiff must still show that his injury is concrete and likely to be redressed by the relief he seeks. *See Bank v. Spark Energy, LLC,* 2020 U.S. Dist. LEXIS 219352, *14 (E.D.N.Y. Nov. 23, 2020). Like under Rule 12(b)(6), the Court need not accept as true conclusory allegations under Rule 12(b)(1). *See, e.g., Amidax Trading Group v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2ⁿᵈ Cir.2011). The party invoking federal subject matter jurisdiction has the burden of establishing standing. *Spokeo*, 578 U.S. at 338.

With respect to injunctive relief, a plaintiff will only have standing to request such relief where he can demonstrate "continuing, present adverse effects" traceable to the conduct of a defendant. *Steel Co. v. Citizens for a Better Env't.*, 523 U.S. 83, 109 (1998) (quoting *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974)) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.") (internal quotation marks omitted). *See also Patane v. Nestlé Waters North Am., Inc.,* 2024 U.S. Dist. LEXIS 233904, *56 (D. Conn. Dec. 30, 2024) ("Standing for

injunctive relief requires a "real and immediate" threat of injury, which past wrongs alone cannot demonstrate.") (internal quotations omitted).

## ARGUMENT

### A. The Complaint Should Be Dismissed Because Plaintiff Fails to Plead Facts Supporting Use of a "Prerecorded" Voice

Plaintiff's Complaint seeks to assert a single cause of action for an alleged violation of Section 227(b) of the TCPA (Complaint ¶¶ 54-58), which along with its related implementing regulations prohibits making phone calls to cell phones "using any automatic telephone dialing system [a.k.a. "ATDS"] or an artificial or prerecorded voice" without the recipient's consent. 47 U.S.C. § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(1). Plaintiff does not allege that Defendant placed the single call he received, or any calls, using an ATDS. Rather, Plaintiff's sole claim is that Defendant allegedly violated the TCPA by calling his cellular telephone "using a pre-recorded message" without his prior consent. Complaint ¶ 55.

The Complaint, however, provides no facts or information to support the mere conclusion that the call Plaintiff received was "pre-recorded." Rather, the Plaintiff simply repeats the bare legal conclusion that the call was "pre-recorded" or "an Artificial Intelligence (AI) robot or Mechanical Turk." Complaint ¶ 24. Plaintiff's failure to provide any basis for a plausible inference that the allegedly prerecorded call he received was, indeed, prerecorded necessitates dismissal of his claim.

A plaintiff "may not merely recite the statutory elements [of the TCPA] of the use of . . . [a] prerecorded voice without alleging additional facts to support." *Adams v. Ocwen Loan Servicing, LLC*, 366 F. Supp. 3d 1350, 1355-56 (S.D. Fla. 2018). Rather, to adequately allege a violation of the TCPA's prohibition on "prerecorded calls" Plaintiff "must include some factual allegations beyond 'the call had a prerecorded voice.'" S*mith v. Pro Custom Solar LLC*, 2021 U.S.

Dist. LEXIS 8616, at *7 (D.N.J. Jan. 15, 2021). Plaintiff must "plead circumstances sufficient to support an inference that the calls were placed with an artificial or prerecorded voice." *Blair v. Assurance IQ LLC*, 2023 U.S. Dist. LEXIS 183095, at * 8 (W.D. Wash. Oct. 11, 2023) (citing *Rogers v. Assurance IQ LLC*, 2023 U.S. Dist. LEXIS 51955, at * 10 (W.D. Wash. Mar. 27, 2023)).[1] Such allegations are *required at the pleading stage* and Plaintiff cannot save an otherwise impermissibly conclusory complaint by arguing that details regarding the pre-recorded nature of the calls will be revealed in discovery. *See Rogers*, 2023 U.S. Dist. LEXIS 51955, *9-11 ("Even at this pre-discovery stage, Plaintiffs should be able to allege facts establishing that the calls were in-fact pre-recorded . . . This information is known to Plaintiffs without any discovery."); *Johansen*, 2012 U.S. Dist. LEXIS 178558, *9 (holding that plaintiff "may not rely on the discovery process to cure such deficiencies [regarding the pre-recorded nature of the call] in his complaint."); *Davis v. Rockloans Marketplace, LLC,* 2024 U.S. Dist. LEXIS 215499, *2-4 (S.D. Cal. Nov. 26, 2024).

Specifically, Courts have consistently held that a TCPA plaintiff should be able to allege facts about the "tenor, nature, or circumstances of the alleged calls or otherwise demonstrate that a live human was not speaking during the calls." *Blair*, 2023 U.S. Dist. LEXIS 183095, at *8. Courts have suggested that a plaintiff could satisfy this threshold by "describ[ing] the robotic sound of the voice on the other line, the lack of human response when he attempted to have a

---

[1] *See also Rahimian v. Adriano*, No. C22-2189, 2022 U.S. Dist. LEXIS 46437, 2022 WL 798371, at *2 (D. Nev. Mar. 16, 2022) (explaining that most courts have required specific facts to support the conclusion that defendants used a pre-recorded voice."); *Andersen v. Nexa Mortgage, LLC*, , 2024 U.S. Dist. LEXIS 143293, at *10 (C.D. Cal. Aug. 12, 2024) (stating "plaintiff must include factual allegations indicating that a prerecorded voice, as opposed to that of a real, live person, was used."); *Whittaker v. Freeway Ins. Services Am., LLC*, 2023 U.S. Dist. LEXIS 6018, at *7 (D. Ariz. Jan. 12, 2023) (stating when fact is element of claim, "'it is not [*3] sufficient to recite that fact verbatim without other supporting details.'") (quoting *Johansen v. Vivant, Inc*., 2012 U.S. Dist. LEXIS 178558, at * 9 (N.D. Ill. Dec. 18, 2012)); *Allison v. Wells Fargo Bank, N.A*., 2022 U.S. Dist. LEXIS 190480, at *8 (S.D. Cal. Oct. 18, 2022) (stating conclusory allegations concerning prerecorded or artificial voice do not set forth plausible claim).

conversation with the 'person' calling him, the generic content of the message he received, or anything else about the circumstances of a call or message contributing to his belief it was prerecorded . . ." *Johansen*, 2012 U.S. Dist. LEXIS 178558, *9. *See also Smith v. American-Amicable Life Ins. Co.,* 2022 U.S. Dist. LEXIS 62115, *5-7 (E.D. Pa. Apr. 4, 2022) ("Allegations that may support an inference that a call was prerecorded may include 1) a delay before hearing the message, 2) calls ending with a beep, 3) instructions to call a 1-800 number, 4) an unusual phone number or short code instead, 5) a robotic voice on the other end, or 6) the absence of anything specific to the person being called.").

Courts, including those in this district, routinely dismiss TCPA claims that, like Plaintiff's, baldly allege the use of an artificial or prerecorded voice without the necessary factual support. *See, e.g., Sterling v. Securus Techs., Inc.,* 2019 U.S. Dist. LEXIS 124627, *18 (D. Conn. Jul. 25, 2019) (dismissing TCPA claims where "Plaintiffs have not provided any factual detail to support an inference that an automatic telephone dialing system, artificial or prerecorded voice was used."); *Smith,* 2021 U.S. Dist. LEXIS 8616, at *7 ("Absent some minimal description of the voice or message, [plaintiff] has put forward no more than a conclusion—not any factual allegations that allow me to infer a right to relief. For that reason, his FAC fails to state a claim for TCPA liability based on a prerecorded voice."); *Curry v. Synchrony Bank, N.A.,* 2015 U.S. Dist. LEXIS 153131, at *5 (S.D. Miss. Nov. 12, 2015) (dismissing where the plaintiff had "'not provided sufficient contextual details to determine whether she spoke to a human or merely heard a recording upon picking up the phone'") (quoting *Aikens v. Synchrony Fin.*, 2015 U.S. Dist. LEXIS 115467, at *12 (E.D. Mich. July 31, 2015)); *Manopla v. Sansone Jr.'s 66 Automall*, 2020 U.S. Dist. LEXIS 74792, at *4 (D.N.J. Jan. 10, 2020) (dismissing complaint that was "devoid of facts from which the Court could reasonably infer that a pre-recorded message was utilized" where, as here, the plaintiff failed

to allege facts "regarding the tenor, nature, or circumstances of the alleged calls" and "merely proffer[ed] the content of the message and conclusory allege[d] that Defendant utilized a pre-recorded message"); *Daniels v. Comunity Lending, Inc*., 2015 U.S. Dist. LEXIS 16196, at *20 (S.D. Cal. Feb. 9, 2015) (dismissing complaint alleging "that calls to Plaintiffs['] cellular telephones included prerecorded voice calls . . . . [without any] facts to make this allegation plausible").[2]

This Court should rule similarly in the present case.  Plaintiff alleges that the call he received used a "pre-recorded voice" possibly using artificial intelligence.  Complaint ¶ 24. Plaintiff, however, pleads zero facts in support of this allegation.  The Complaint offers no facts about the "'tenor, nature, or circumstances of the alleged calls[.]'" *Rogers,* 2023 U.S. Dist. LEXIS 51955, at *10.  Nor are there any allegations to "demonstrate that a live human was not speaking during the calls." *Id*.  Nowhere does Plaintiff allege, for instance, a delay before the call or beep after the call that would indicate the call was pre-recorded, or anything about the tone or content of the call, or any other circumstances from which one could plausibly conclude that the caller was a "robot" or artificial intelligence, as opposed to a human being.

The recently decided *Metzler v. Pure Energy USA LLC*, 2023 U.S. Dist. LEXIS 19600 (S.D.N.Y. Feb. 6, 2023) is instructive.  In *Metzler*, the plaintiff alleged that he received a voicemail and that "he was easily able to determine that it was a prerecorded message" when he listened to it. *Id*. at *2.   The court, however, determined that this allegation was insufficient and that plaintiff had "not alleged any additional facts from which the Court can infer that the message was

---

[2] *See also Winters v. Quicken Loans Inc*., 2020 U.S. Dist. LEXIS 162718, at *10 (D. Ariz. Sept. 4, 2020); *Caruso v. Cavalry Portfolio Svcs., et al*., 2019 U.S. Dist. LEXIS 169377, at *11 (S.D. Cal. Sept. 30, 2019); *Aaronson v. CHW Grp., Inc., 2019 U.S. Dist. LEXIS 231433, *7*; (E.D. Va. Apr. 15, 2019); *Saragusa v. Countrywide*, 2016 U.S. Dist. LEXIS 34544, at *11 (E.D. La. Mar. 17, 2016), aff'd 707 F.App'x 797 (5th Cir. 2017); *Reo v. Caribbean Cruise Line, Inc*., 2016 U.S. Dist. LEXIS 35596, at *11 (N.D. Ohio Mar. 18, 2016); *Trumper v. GE Capital Retail Bank*, 79 F. Supp. 3d 511, 513 (D.N.J. 2014).

prerecorded rather than, say, the product of a live person reading from a script." *Id.* at * 14. Similarly, in *Moffet v. Everglades Coll., Inc.*, 2024 U.S. Dist. LEXIS 38370 (M.D. Fla. Mar. 4, 2024) the Court held that allegation regarding "Plaintiff's difficulty in getting a live person on this call and the long pause before any person showed up on the line" were insufficient to support a plausible inference that the call was pre-recorded because "it does not necessarily describe the allegedly prerecorded voice but rather the lack of a voice at all." *Id.* at *7-9. Plaintiff here similarly alleges that the call came from a "pre-recorded voice" and that he was subsequently transferred to an individual who was "very clearly human" in contrast to the initial caller. Cplt. ¶ 24. As in *Meltzer* and *Moffet*, however, Plaintiff, offers no support for the allegation that the initial caller was not human, and based on the allegations in the Complaint, it is equally plausible that Plaintiff received a call from a real person who, thereafter, transferred Plaintiff to another human sales associate.

In short, Plaintiff's FAC offers nothing more than naked conclusions regarding the purported "prerecorded" nature of the call at issue, which falls far short of satisfying federal pleading standards and warrants its dismissal under Rule 12(b)(6).

**B. Plaintiff Lacks Article III Standing to Request Injunctive Relief**

Plaintiff requests injunctive relief prohibiting Defendant from: 1) calling telephone numbers on the National Do-Not-Call Registry; and 2) using artificial or pre-recorded voices to contact cell phones. Complaint at p. 8, Prayer For Relief A & B. Plaintiff, however, lacks Article III standing to pursue either form of injunctive relief, and so the prayers for relief should be dismissed pursuant to FRCP 12(b)(1).

As an initial matter, the Complaint brings only one cause of action, a violation of 47 U.S.C. § 227(b), which prohibits calls using an ATDS or pre-recorded voices. Plaintiff does not bring a cause of action for violation of 47 U.S.C. § 227(c), a separate subsection of the TCPA that prohibits telephone solicitations sent to residential telephone subscribers who have registered their phone numbers on the national do-not-call registry. Indeed, the Complaint never alleges that Plaintiff's phone number was registered on the National Do-Not-Call Registry or makes any reference whatsoever to the registry outside of the Prayer For Relief. Because Plaintiff himself was not on the registry and does not bring any claims based on a violation of § 227(c), he does not have standing to seek to enjoin Defendant from harm that he himself has not experienced. *See Cordoba v. DIRECTV, LLC,* 942 F.3d 1259, 1272 (11th Cir. 2019) (holding that prospective class members who were not on the national-do-not-call list did not have standing to pursue claims for violations of the provisions of the TCPA governing the national registry).

Nor does Plaintiff have standing to pursue injunctive relief related to Defendant's alleged practice of calling cell phones using a "pre-recorded voice." "Plaintiffs lack standing to pursue injunctive relief where they are unable to establish a 'real or immediate threat' of injury.*" Nicosia v. Amazon.com, Inc*., 834 F.3d 220, 239 (2d Cir. 2016) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111-12, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983)). Neither allegations of possible future injury nor past exposure to illegal conduct are sufficient to clear this bar. *See Patane v. Nestlé Waters North Am., Inc.,* 2024 U.S. Dist. LEXIS 233904, *56 (D. Conn. Dec. 30, 2024).

Here, the Complaint merely alleges that Plaintiff received a *single* phone call on October 25, 2024. Complaint ¶ 22. It does not allege that he ever received another phone call from Defendant during the time between the single call he allegedly received and when the Complaint was filed. Nor does it allege that Plaintiff is specifically aware of any other individuals who

allegedly received "pre-recorded" phone calls from Defendant. The Complaint thus does not plead facts supporting the proposition that Plaintiff will ever receive another alleged robocall from Defendant and does not adequately plead that "the threatened injury is 'certainly impending,' or [that] there is a 'substantial risk' that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (citation omitted). Accordingly, the Complaint does not adequately plead a claim for injunctive relief. *See e.g., Martin v. Bottom Line Concepts, LLC,* 723 F. Supp. 3d 270, 281 (S.D.N.Y. Mar. 14, 2024) (no standing to pursue injunctive relief where plaintiff only alleged receiving a single robocall more than a month prior to filing the complaint); *Blair*, 2023 U.S. Dist. LEXIS 183095, at *14 (W.D. Wash. Oct. 11, 2023) (no standing to seek injunctive relief where plaintiff "only received calls over a period of seven days" months before filing suit); *Doyle v. Matrix Warranty Sols., Inc*., 679 F. Supp. 3d 42, 44 (D.N.J. June 26, 2023) (no standing to seek injunctive relief where plaintiff only received one robocall); *Sowders v. Scratch Fin., Inc*., 2023 U.S. Dist. LEXIS 203646, *17-18 (S.D. Oh. Nov. 14, 2023) (receipt of a single unsolicited fax did not confer standing for injunctive relied under the TCPA).

Accordingly, Plaintiff has no standing to seek injunctive relief prohibiting Defendant from calling telephone numbers on the National Do-Not-Call Registry; and using artificial or pre-recorded voices to contact cell phones.

## **CONCLUSION**

For all the reasons above, and as may be further presented to the Court prior to a ruling, Defendant respectfully requests that the Court grant this Motion and enter an order dismissing Plaintiff's Complaint in its entirety and with prejudice under Rules 12(b)(6) and/or 12(b)(1), and grant all other just and proper relief.

Dated: January 6, 2025

Respectfully Submitted,

_____ct24007 /s/_____
Keith Rudzik
Howard Kohn Sprague & Fitzgerald
PO Box 261798
Hartford, CT 06126
krr@hksflaw.com


Joseph Lipari (*pro hac* application anticipated)
Sultzer & Lipari, PLLC
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
liparij@thesultzerlawgroup.com

Attorneys for Defendant

## **CERTIFICATION**

This is to certify that on January 7, 2025, a copy of the foregoing was filed electronically and served by mail to anyone unable to accept the electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.


_____/s/_____
Keith R. Rudzik